UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HALINA CIELEMECKA, et al.,

                            Plaintiffs,

           - against -

ROSLYN R. MAUSKOPF,
United States Attorney,

                            Defendant.
------------------------------------------------------------X

**ORDER**

CV 04-4684 (TCP) (ARL)

**JAMES ORENSTEIN, Magistrate Judge:**

      In an order dated April 25, 2005 (Docket Entry 8, entered June 1, 2005), the Honorable Thomas C. Platt, United States District Judge, denied the defendant's motion to dismiss and referred this case to me "for further proceedings to hear and report in accordance with" my decision in *United States v. Eight Automobiles With Fraudulently Obtained Ohio And New York State Division Of Motor Vehicle Titles*, 356 F. Supp.2d 223 (E.D.N.Y. 2005) ("*Eight Automobiles*").

      At the time of my *Eight Automobiles* decision, the government had been holding the plaintiffs' car, ostensibly for purposes of preserving and examining potential evidence, for a period of ten months. That was almost four months ago, and the government has now deprived the plaintiffs of their property for well over a year, giving it substantial time "to inspect the ... car, preserve evidence as appropriate through testing, photography, or other means ... and make it available for similar use by the defendants' counsel" in the related criminal case of *United States v. Astra Motor Cars, Inc., et al.*, CR 04-0774 (TCP) ("*Astra*"). *Eight Automobiles*, 356 F. Supp.2d at 226.

I wrote in my previous order that if the plaintiffs in this case (who were petitioners in a motion under Fed. R. Crim. P. 41 in the proceeding then before me) renewed their Rule 41 motion after "reasonable additional time," I would

> require the government to present a detailed factual explanation of how the car related to the charges in the pending [*Astra*] indictment, what steps it has taken to inspect and preserve the car for evidentiary purposes, and when it anticipates completing any necessary tasks in that regard (including such tasks as the *Astra* defendants may legitimately need to complete for evidentiary purposes)....

*Id*. at 227. To the extent that the government retains possession of the plaintiffs' car now that a reasonable additional time has passed since my earlier order, the instant case should be treated for all practical purposes as a renewed Rule 41 motion, notwithstanding the fact that it was originally filed before the *Eight Automobiles* order was entered.

Accordingly, pursuant to Judge Platt's order of referral, I ORDER the government to submit a letter no later than June 15, 2005, that provides a detailed factual explanation of how the plaintiffs' car relates to the charges in the pending *Astra* indictment, what steps it has taken to inspect and preserve the car for evidentiary purposes, and when it anticipates completing any necessary tasks in that regard (including such tasks as the *Astra* defendants may legitimately need to complete for evidentiary purposes). Because the plaintiffs are appearing *pro se* in this matter, I further ORDER that the government is under a continuing obligation to serve on the plaintiffs a copy of each court order filed in this case.

**SO ORDERED.**

Dated: Central Islip, New York
June 1, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge